UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMEELAH ATTERBERRY,

                    Plaintiff,

         -against-

THE HUNTINGTON NATIONAL BANK, et
al.,

                    Defendants.

**<u>ORDER TO SHOW CAUSE</u>**

19-CV-09805 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Jameelah Atterberry ("Plaintiff"), proceeding *pro se*, commenced this action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, in the Supreme Court of the State of New York, Sullivan County, on or about September 23, 2019. On October 23, 2019, Defendants The Huntington National Bank and Huntington Bancshares Incorporated (collectively "Defendants") removed the action to this forum. (Doc. 4). This matter was reassigned from Judge Román to this Court on April 6, 2020 and, on April 7, 2020, this Court issued an Order directing the parties to file "a joint letter . . . via ECF concerning the status of this action by April 21, 2020." (Doc. 5). The Court directed further that Defendants were to mail a copy of the April 7, 2020 Order to Plaintiff. (*Id.*). Defendants complied with the Court's direction and filed a corresponding affidavit of service on April 10, 2020. (Doc. 6).

Defendants thereafter filed a letter on April 15, 2020. (Doc. 8). In that correspondence Defendants explained that they had previously sought leave from Judge Román to file a motion to dismiss and that Plaintiff had not responded to Defendants' pre-motion conference letter because "she was not aware that she was expected to respond." (*Id.*). On April 16, 2020, the Court issued an Order granting Defendants leave to file their contemplated motion to dismiss and setting the following briefing schedule: (1) moving papers were to be served and filed on or before June 5,

2020; (2) opposition papers were to be served and filed on or before July 15, 2020; and (3) reply papers were to be served and filed on or before July 22, 2020. (Doc. 9). The Court also instructed Defendants to mail a copy of the April 16, 2020 Order to Plaintiff. (*Id.*). Defendants filed the associated affidavit of service on April 17, 2020. (Doc. 10).

Defendants filed and served their motion, along with the attendant affidavit of service, on May 18, 2020. (Docs. 11-13). There has been no further activity on the docket.

Under Federal Rule of Civil Procedure 41(b), "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution . . . ." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see also West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."); *Lewis v. Hellerstein*, No. 14-CV-7886, 2015 WL 4620120, at *1-2 (S.D.N.Y. July 29, 2015) (dismissing *pro se* plaintiff's complaint for want of prosecution after the plaintiff failed to file an amended complaint or submit other filings to the court for four months); *Haynie v. Dep't of Corr.*, No. 15-CV-4000, 2015 WL 9581783, at *1-2 (S.D.N.Y. Dec. 30, 2015) (dismissing *pro se* plaintiff's complaint for want of prosecution after the plaintiff failed to respond for six months).

Here, more than eight months after the deadline to oppose the pending motion to dismiss, Plaintiff has not filed anything; indeed, Plaintiff has never filed any document in this matter. Plaintiff's failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957, 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016). Though the Court is mindful of Plaintiff's *pro se* status, Plaintiff's lack of effort in prosecuting this action may be indicative of meritless claims.

Accordingly, it is hereby ORDERED that Plaintiff **show cause in writing on or before February 12, 2021** why this action should not be dismissed with prejudice for want of prosecution under Federal Rule of Civil Procedure 41(b). Failure to comply with this Order shall result in dismissal of this action for want of prosecution.

Defendants are directed to serve a copy of this Order on Plaintiff and file proof of service on the docket before 5:00 p.m. on February 1, 2021. The Clerk of the Court is also respectfully directed to mail a copy of this Order to Plaintiff at the following address:

Jameelah Atterberry
8 Brooklyn Drive #88
Monticello, New York 12701

**SO ORDERED:**

Dated:   New York, New York
         January 29, 2021

_____
PHILIP M. HALPERN
United States District Judge

3